IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MELISSA AUCLAIRE,<br><br>        Appellant,<br><br>    v.<br><br>STATE OF WASHINGTON,<br>EMPLOYMENT SECURITY<br>DEPARTMENT,<br><br>        Respondent. | No. 86507-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BOWMAN, A.C.J. — Melissa Auclaire appeals from the denial of unemployment benefits following her failure to appear at an administrative hearing. Auclaire contends that the administrative law judge (ALJ) erred by determining that she did not show good cause to miss the hearing. We disagree, and affirm.

FACTS

Auclaire quit her job with Chegg Inc. in August 2021. She then applied for unemployment benefits with the Employment Security Department (Department), asserting she quit with good cause because Chegg reduced her hours. In November, the Department denied her application, and Auclaire appealed. The Office of Administrative Hearings (OAH) set a telephonic hearing for September 7, 2022. Following the September 7 hearing, which both Auclaire and Chegg attended, the ALJ determined that Auclaire had voluntarily quit her job without statutory good cause, so she was not entitled to unemployment benefits.

Auclaire appealed the decision to the Department's commissioner. But the commissioner's office could not find the audio recording of the September hearing,

so the Department remanded for the OAH to conduct a new one. The OAH then scheduled a telephonic hearing for January 23, 2023, and sent notice of the hearing to Auclaire via regular mail on January 5, 2023. It also sent her a text message reminder of the hearing date and time on January 22. Auclaire failed to appear at the hearing.

Because Auclaire failed to appear, on January 24, 2023, the ALJ entered an order affirming the Department's denial of unemployment benefits. Auclaire again appealed to the commissioner.[1] The Department determined that Auclaire's petition for review raised a question of fact as to whether she had good cause to miss the January 23 hearing. So, it remanded for the OAH to conduct a hearing to determine only whether Auclaire had good cause for failing to appear. The OAH set a telephonic hearing for April 17, 2023.

At the April 17 hearing, the ALJ asked Auclaire why she did not appear at the January 23 hearing. Auclaire explained:

> I didn't receive any notice through postal mail . . . . I also didn't . . . receive any other notices except for a text message that I got 24 hours before the hearing started. And I didn't look at that text message until the morning of the hearing after — several hours after it was scheduled.

The ALJ then asked Auclaire if her mailing address was correct on the hearing notice's certificate of service. After confirming her address was correct, Auclaire testified that the notice "might've gotten thrown out," and that sometimes her mail gets "misplaced."

On April 21, 2023, the ALJ issued an order, determining that Auclaire had

---

[1] It appears that Auclaire asserted for the first time in this appeal that the "second reason" she quit her job was due to the death of her mother in July 2020.

not shown good cause for missing the January 23 hearing and affirming the Department's denial of unemployment benefits. And on June 9, 2023, the commissioner affirmed the ALJ's April 21 order on Auclaire's failure to appear[2] and the Department's January 24 order denying benefits.

Auclaire petitioned the superior court for judicial review of the commissioner's June 9 order, and the superior court transferred the matter to the court of appeals for direct review.

ANALYSIS

Auclaire asserts that the Department erred by finding she showed no good cause for her failure to appear at the January 23, 2023 hearing. We disagree.

The Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW, governs judicial review of a final agency action. *Tapper v. Emp. Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993); *see* RCW 34.05.570. "[T]his court sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency." *Id.* Under WAPA, "we may grant relief from an agency order for any one of nine reasons set forth in RCW 34.05.570(3)(a)-(i)." *Am. Fed'n of Tchrs., Loc. 1950 v. Pub. Emp. Rels. Comm'n*, 18 Wn. App. 2d 914, 921, 493 P.3d 1212 (2021).

> Unless we determine that a statute or agency rule is constitutionally infirm or otherwise invalid, our [W]APA review of an agency determination is limited to deciding if the decision is based on an error of law, the order is not supported by substantial evidence, or the order is arbitrary and capricious.

*Campbell v. Emp. Sec. Dep't*, 180 Wn.2d 566, 571, 326 P.3d 713 (2014)

---

[2] In its June 9 decision, the commissioner adopted all the ALJ's findings except for finding of fact 21, which discussed Auclaire's credibility and efforts in perfecting the record before the OAH. That finding is not at issue on appeal.

(citing RCW 34.05.570(3)). Finally, we treat unchallenged findings of fact as verities on appeal, and we do not make witness credibility determinations. *Tapper*, 122 Wn.2d at 407; *US W. Commc'ns, Inc. v. Utils. & Transp. Comm'n*, 134 Wn.2d 48, 62, 949 P.2d 1321(1997). As the party challenging the agency action, Auclaire bears the burden of showing the invalidity of the agency's decision. RCW 34.05.570(1)(a).

Auclaire first argues that the Department disregarded her hospitalization for COVID-19 as evidence of good cause. But Auclaire had a chance to testify about her reasons for not appearing at the January 23, 2023 hearing, and she did not mention COVID-19 or hospitalization. Instead, consistent with Auclaire's testimony, the ALJ found that Auclaire "sometimes misplaces mail delivered to her," and she "also sometimes throws out mail without opening it or looking at it carefully to determine what it is." The ALJ also found, consistent with Auclaire's testimony, that the OAH sent Auclaire a text message 24 hours before the hearing, reminding her of the hearing date and time, but that Auclaire "did not immediately read it." The Department adopted both findings, and Auclaire does not assign error to either one. These unchallenged findings support the Department's conclusion that Auclaire did not have good cause for failing to appear at the January 23, 2023 hearing.

Auclaire also cites to a typographical error in the ALJ's January 24, 2023 order on good cause to suggest that the "incorrect dating of the notice of hearing invalidates the subsequent proceedings." She points to the ALJ's finding stating that on "January 25, 2034," the OAH issued a notice of hearing for January 23,

2023.[3]  But, as the ALJ told Auclaire during the April 17 hearing to show good cause for her failure to appear, the ALJ issued the order *after* Auclaire failed to appear, so any typos in the January 24 order are irrelevant to whether Auclaire had good cause for missing the hearing.

Finally, Auclaire asserts that the ALJ erred during the September 7, 2022 hearing by ignoring evidence of her mother's death as "a critical factor in her decision to resign from her job."  But the Department vacated the ALJ's 2022 decision and ordered the OAH to conduct another hearing.[4]  Had Auclaire appeared at the hearing, she would have been able to raise this argument.

We affirm the commissioner's June 9, 2023 order affirming the ALJ's order on Auclaire's failure to appear and the Department's order denying Auclaire unemployment benefits.

_____, ACJ

WE CONCUR:

_____          _____
Díaz, J.                         Chung, J.

---

[3] The certificate of mailing shows that OAH mailed the notice of hearing to the parties on January 5, 2023.

[4] We also note that it appears Auclaire did not make this argument in her initial request for benefits, so it was not before the ALJ during the September 7 hearing.  She raised it for the first time in her appeal to the commissioner.